# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO GUADALUPE HERNANDEZ-DIAZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-02556-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>(ECF Nos. 1, 5) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends that the petition for writ of habeas corpus be granted and Petitioner be provided with a bond hearing.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States at an unknown date and place. (ECF No. 1 at 5; ECF No. 5-1 at 2.[1]) Petitioner was not detained nor granted parole. Petitioner has lived in the United States for approximately twenty-six years. On June 6, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") during a worksite enforcement operation conducted by Homeland Security Investigations ("HSI") in Los

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

Angeles. (ECF No. 1 at 5.) Petitioner has no criminal history and is currently detained at the California City Detention Facility. (Id. at 6.) Petitioner has been detained since June 6, 2025 without a bond hearing. (Id. at 2.)

Petitioner was ordered removed, (ECF No. 5 at 1), and on September 5, 2025, the Board of Immigration Appeals ("BIA") reinstated the removal proceedings, dismissed Petitioner's appeal, and denied Petitioner's motion to remand, (ECF No. 5-2 at 1).[2] Petitioner filed a petition for review in the Ninth Circuit of the BIA's September 5, 2025 decision that is pending. Hernandez Diaz v. Blanche, No. 25-6380 (9th Cir. filed Oct. 9, 2025). On February 13, 2026, the BIA denied Petitioner's motion to reopen. (ECF No. 5-2.) Petitioner filed a petition for review in the Ninth Circuit of the BIA's February 13, 2026 decision that is pending. Hernandez Diaz v. Blanche, No. 26-1174 (9th Cir. filed Feb. 27, 2026).[3]

On April 3, 2026, Petitioner filed a petition for writ of habeas corpus asserting that his prolonged detention violates 8 U.S.C. § 1231 and due process and that he is not subject to detention under § 1225(b). (ECF No. 1 at 11–19.) On April 18, 2026, Respondents filed a motion to dismiss. (ECF No. 5.) On April 20, 2026, Petitioner filed an opposition. (ECF No. 6.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

**A. Statutory Basis of Petitioner's Detention**

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or

---

[2] Neither party has provided the Court with a copy of the BIA's September 5, 2025 decision or any order of removal.

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). 8 U.S.C. § 1226(a) "is the default detention statute for noncitizens in removal proceedings." Avilez, 69 F.4th at 529. Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." Id. The Supreme Court has described 8 U.S.C. § 1225 as follows:

> Under § 302, 110 Stat. 3009–579, 8 U.S.C. § 1225, an alien who "arrives in the United States," or "is present" in this country but "has not been admitted," is treated as "an applicant for admission." § 1225(a)(1). Applicants for admission must "be inspected by immigration officers" to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3).

> As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other aliens designated by the Attorney General in his discretion. See § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B).

> Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens. Aliens covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) alien "indicates either an intention to apply for asylum ... or a fear of persecution," then that alien is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the alien has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). Aliens who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those aliens "shall be detained for a [removal] proceeding" if an immigration officer "determines that [they are] not clearly and beyond a doubt entitled to be admitted" into the country. § 1225(b)(2)(A).

> Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole "for urgent humanitarian reasons or significant public benefit." § 1182(d)(5)(A); see also 8 C.F.R §§ 212.5(b), 235.3

(2017). Such parole, however, "shall not be regarded as an admission of the alien." 8 U.S.C. § 1182(d)(5)(A). Instead, when the purpose of the parole has been served, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Ibid.*

Jennings v. Rodriguez, 583 U.S. 281, 287–88 (2018).

Until this year, DHS has applied section 1226(a) and its regime of discretionary release and review of detention "to the vast majority of noncitizens allegedly in this country without valid documentation"—a practice codified by regulation. *Id.* As early as 1997, in the regulations implementing the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Immigration and Naturalization Service and the Executive Office for Immigration Review stated that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination." Inspection and Expedited Removal of Aliens, 62 Fed. Reg. at 10323. The government's briefing in this case acknowledges that its position historically was that section 1226(a) was "an available detention authority for aliens [present without being admitted or paroled] placed in full removal proceedings under § 1229a." (Dkt. No. 16 ("Opp.") at 12.)

However, the government now disavows its prior position in light of subsequent "legal developments," including its 2025 designation "restor[ing] the scope of expedited removal to the fullest extent authorized by Congress," 90 Fed. Reg. at 8139. (Opp. at 12.) It contends that section 1225 is "the sole applicable detention authority for *all* applicants for admission" and asserts that all applicants for admission are "subject to the mandatory detention framework" of section 1225(b). (Opp. at 12, 14.)

Valencia Zapata v. Kaiser, No. 25-CV-07492-RFL, 2025 WL 2741654, at *4 (N.D. Cal. Sept. 26, 2025) (footnote omitted).

Here, "Respondents recognize that the majority of judges in the Eastern District of California have rejected the argument but maintain that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)." (ECF No. 5 at 1.) "The various legal arguments relied upon by Respondents to support this assertion [that Petitioner's detention is mandatory under 1225(b) while his removal proceedings are pending] have been rejected by this Court in other proceedings." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108, at *9 (E.D. Cal. Dec. 9, 2025). See Valencia v. Chestnut, No.

1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (noting that "[h]ere in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission,'" recognizing "[o]ther district courts have also reached the result that Section 1226(a), not Section 1225(b)(2), provides the appropriate framework for noncitizens already residing in the United States," and collecting cases).

This Court will follow the majority approach in finding that "Respondents' proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826, at *5 (E.D. Cal. Nov. 12, 2025).

Based on the foregoing, the undersigned recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b). Accordingly, Petitioner is entitled to habeas relief on Count II to the extent it asserts that the mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to Petitioner.[4]

**B. Remedy**

The Court finds J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), instructive:

> Moreover, the government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot conclude that he is now detained on that basis. "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11. "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained ....*'" *Chogllo Chafla*, 2025 WL 2688541, at *11 (quoting 8 U.S.C. §

---

[4] Petitioner is not entitled to habeas relief on his claims that his detention violates 8 U.S.C. § 1231 and Zadvydas v. Davis, 533 U.S. 678 (2001). "Section 1231 . . . authorizes detention 'when an alien is ordered removed' and enters the 'removal period[.]'" Johnson v. Guzman Chavez, 594 U.S. 523, 533 (2021). "If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," the removal period begins on "the date of the court's final order." 8 U.S.C. § 1231(A)(1)(b)(ii). Here, Petitioner has a pending petition for review before the Ninth Circuit, which has stayed Petitioner's removal. (ECF No. 1 at 2.) Accordingly, the removal period has not yet begun.

1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* "To put it simply, [petitioner's] detention[ ] [is] improper because there is no evidence in the record that [he was] arrested pursuant to a warrant." *Id.* "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching the same conclusion).

If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

J.A.C.P., 2025 WL 3013328, at *8.

Similarly, here, there is nothing in the record indicating that a warrant was issued. Additionally, there is nothing in the record indicating that Petitioner has ever been arrested or charged with a crime, and Respondents do not contend he is a danger to the community or a flight risk. Accordingly, the undersigned recommends that Petitioner be immediately released.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be granted on Count II;

2. Respondents' motion to dismiss (ECF No. 5) be denied;

3. Respondents be directed to immediately release Petitioner; and

4. Respondents be enjoined and restrained from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 6, 2026**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE