UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO GUADALUPE HERNANDEZ-DIAZ (A-Number: 098-453-405),<br><br>Petitioner,<br><br>v.<br><br>CURRENT OR ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | No. 1:26-cv-02556-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS; DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 5, 7 |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition, denying the motion to dismiss, and ordering petitioner's immediate release. Doc. 7. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On July 7, 2026, respondents filed timely objections. Doc. 8. Respondents object "for the same reasons advanced in Respondents' earlier filing[,]" and they do not meaningfully address the findings and recommendations' analysis. *See* Doc. 8.

1

Respondents also request language clarifying that the order does not preclude the re-detention of petitioner if he becomes subject to a final order of removal.  *See id.*  To clarify: this order does not address or limit respondents' authority to detain petitioner in the event he becomes subject to an executable final order of removal.  Petitioner is currently detained under § 1226(a) because he is still in active removal proceedings; petitioner is not subject to a final order of removal.  The statutory authority to detain petitioner would shift to 8 U.S.C. § 1231 only once petitioner is subject to a final order of removal and the 90-day "removal period" begins.  *See* 8 U.S.C. § 1231(a)(2)(A).[1]

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1.  The findings and recommendations issued on July 6, 2026, Doc. 7, are ADOPTED in full.

2.  The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3.  Respondents' motion to dismiss, Doc. 5, is DENIED.

4.  The Court ORDERS that respondents release petitioner Roberto Guadalupe Hernandez-Diaz (A-Number: 098-453-405)  immediately.  If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[2]

5.  Respondents are ORDERED to provide petitioner with a copy of this Order upon his

---

[1] The "removal period" begins on the latest of the following dates: (1) "[t]he date the order of removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

release.

6. The Clerk is directed to serve California City Detention Center with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   July 8, 2026

_____
UNITED STATES DISTRICT JUDGE

3